IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LISA A. BROADNAX,**

    **Appellant,**

    v.                                         **CIVIL ACTION NO. 2:04cv349**

**FRANK J. SANTORO, Trustee**

    **Appellee.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is the appeal of Lisa A. Broadnax from the United States Bankruptcy Court's dismissal of her Chapter 13 petition. For the reasons given below, the Court **AFFIRMS** the United States Bankruptcy Court's dismissal of Appellant's petition.[1]

**I. FACTUAL AND PROCEDURAL HISTORY**

The Appellant, Lisa A. Broanax initiated this matter on April 16, 2002 when she filed for bankruptcy *pro se* under Chapter 13 of Title 11 the United States Code in order to prevent Washington Mutual Bank from foreclosing on her home. Appellant had purchased the home in 1991, and assumed a prior mortgage that was guaranteed by the United States on behalf of its Department of Veterans Affairs ("VA"). Appellant had previously filed two other bankruptcy petitions in 1997 and 2000 to prevent foreclosure after missed mortgage payments, but they were both dismissed. Appellant filed the proposed payment plan in April 2002 that required payments to be made both to the trustee, Frank J. Santoro, the Appellee, and to Washington Mutual for her continuing mortgage obligation. Appellant did not pay a required filing fee and did not appear at

---

[1] Although Appellee Frank J. Santoro has filed a Motion to Dismiss the appeal, the Court is required to review the action of the Bankruptcy Court for an abuse of discretion and then affirm or reverse the lower court.

a scheduled hearing and the matter was dismissed. Appellant appealed the dismissal, and while the appeal was pending, Washington Mutual foreclosed upon her home. The United States Bankruptcy Court ("Bankruptcy Court") later vacated the dismissal, but found in an adversarial proceeding that the foreclosure was valid because Appellant had not extended the automatic stay while her appeal of the dismissal was pending. After the Bankruptcy Court found that the foreclosure was valid, the Trustee moved to dismiss the bankruptcy on December 18, 2003. The Bankruptcy Court held a hearing on the matter on April 20, 2004, and dismissed the case.[2] Appellant filed a Notice of Appeal on April 30, 2004, and the appeal was docketed on June 8, 2004. On June 15, 2004, Appellant filed a Request to Amend Appeal Brief along with an Amended Appeal Brief. This Court denied Appellant's Request on July 19, 2004, and dismissed the appeal on August 5, 2004 for her failure to file a brief in accordance with Bankruptcy Rule 8009. Broadnax appealed that dismissal to the United States Court of Appeals for the Fourth Circuit. The Court of Appeals found that this Court had abused its discretion in dismissing Broadnax's appeal, and vacated the dismissal. The matter is now before the Court again upon remand from the Court of Appeals.

Appellant Broadnax now appeals the decision of the Bankruptcy Court dismissing her bankruptcy petition in its entirety. She argues that she did pay the original filing fee upon which the first dismissal was based, that the Court did not follow its own procedures in dismissing the case the second time, and that Appellee did not adequately investigate Washington Mutual's claimed deficiency against her. Appellee, Frank J. Santoro, moves to dismiss or deny the appeal

---

[2]A more detailed summary of the facts is provided in *Broadnax v. Dep't of Veteran Affairs*, No. 2:04cv693 (E.D. Va. May 19, 2005).

on the basis that Appellant no longer had a basis for her bankruptcy petition. Appellee argues that Broadnax originally filed for bankruptcy in order to prevent Washington Mutual from foreclosing, but since the foreclosure has already occurred and has been deemed valid, there was no reason for maintaining the bankruptcy case, hence it was dismissed.

## II. LEGAL STANDARDS

On appeal from the Bankruptcy Court, the District Court applies one of two standards of review. As to findings of fact, the district court must apply the clearly erroneous standard of review. *See Travelers Ins. Co. v. Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir. 1992). As to conclusions of law, a court applies the de novo standard of review. *See Perlow v. Perlow*, 128 B.R. 412, 414 (E.D.N.C. 1991). If the appellate court considers a ruling over which the Bankruptcy Court exercised its discretion under the Bankruptcy Code, that finding is reviewed under an abuse of discretion standard. *In re Suthers*, 173 B.R. 570, 572 (W.D. Va. 1994); *In re Jackson*, 190 B.R. 808, 810 (W.D. Va. 1995).

## III. DISCUSSION

The Appellee argues that Broadnax's appeal lacks merit because the Bankruptcy Court's dismissal was proper. In the Bankruptcy Court, the trustee, Frank J. Santoro, filed a Motion to Dismiss on December 18, 2003 alleging that the primary purpose of Appellant's filing for bankruptcy relief was to keep her home and prevent a foreclosure, and that since the foreclosure had occurred there was no reason for the case to continue. (Mot. to Dismiss at 1, 6.) He also alleged that Appellant failed to make her mortgage payments to Washington Mutual. (Mot. to Dismiss at 5.) On April 20, 2004, the parties held a hearing in the Bankruptcy Court on the Appellant's Motion to Dismiss the Appellant debtor's bankruptcy petition. At the hearing,

Appellee argued that there are only two reasons for an individual to file for bankruptcy relief: to obtain a discharge, and to enjoy the protection of the court from creditors. (Tr. of Mot. Hr'g at 49.) He argued that Appellant's bankruptcy petition no longer served either purpose given the foreclosure and on that basis argued for dismissal. (Tr. of Mot. Hr'g at 49-50.) In addition, he argued that it was likely in Appellant's interest to dismiss the bankruptcy, so that all of the money she had paid to the trustee would be returned to her, and she could settle her other non-mortgage debts on her own. (Tr. of Mot. Hr'g at 50.)

Appellant presented no new evidence at the hearing, and asked that the court rely on her previously submitted evidence. She argued that the trustee had presented unverified claims, and that an accountant had testified at a prior hearing that she could not verify all of Washington Mutual's claimed costs. (Tr. of Mot. Hr'g at 52.) She also argued that Washington Mutual used a 15-year old appraisal value to determine the bidding price at the foreclosure sale, though she was charged for three more recent appraisals. (Tr. of Mot. Hr'g at 53.) In addition, she argued that Washington Mutual had not presented sufficient evidence to prove that the amount of the claimed discrepancy was accurate, and that they had produced a fraudulent and unrecorded quitclaim deed. (Tr. of Mot. Hr'g at 53-54.)

The Bankruptcy Court found that despite Appellant's arguments regarding the improper appraisal value of her home and the illegitimate imposition of fees, those issues were not relevant to any proceeding in bankruptcy because the foreclosure was valid, and she no longer owned the property in question. The Bankruptcy Court found that it could offer Appellant no remedy and therefore dismissed the case. Appellant now challenges that dismissal on numerous grounds. She continues to argue that the 2002 foreclosure was invalid, that Washington Mutual's

accounting figures are incorrect, and that the Court should have proceeded with the claim determination process. Appellee replies that the Appellant had failed to make the mortgage payments in escrow as ordered by the Court, and that the case was therefore subject to dismissal on that ground as well

The Bankruptcy Court may dismiss a case for any of several reasons including a debtor's causing unreasonable and prejudicial delay, nonpayment of fees, failure to timely file a plan, failure to commence making timely payments, denial of confirmation of a plan, material default by the debtor on a confirmed plan, revocation of the order of confirmation, termination of a confirmed plan, or upon request by the United States trustee. 11 U.S.C.A. § 1307(c) (2004). Within 30 days of filing the proposed reorganization plan, Appellant was required to commence making payments in accordance with the proposed plan she submitted. 11 U.S.C.A. § 1326(a)(1). Appellee claims that Appellant did not keep current with her mortgage payments or her plan payments and therefore the Bankruptcy Court properly dismissed the Chapter 13 case. *See* 11 U.S.C. § 1307(c)(4).[3] According to the plan proposed by the Appellant, she was to pay $306 monthly to the trustee for past debts. In addition, she was to continue to pay $445 monthly for her continuing mortgage obligation. After the foreclosure and reinstatement of the bankruptcy petition on December 10, 2002, she was to continue the monthly trustee payments, and pay the mortgage amount to a savings account in escrow. At the April 20, 2004 hearing, Appellee testified that prior to the dismissal she had made all the required payments to the trustee. She

---

[3]The Appellee also argues that Appellant violated § 1307(c)(6) by materially defaulting on her Chapter 13 plan. The statute only applies to confirmed bankruptcy petitions, however. Broadnax's plan was never confirmed and both the trustee and Washington Mutual objected to the plan stating that she had insufficient income to make the required payments.

5

stated that though she had not made the mortgage payments to a savings account in escrow, she had placed the cash in a shoe box in her home, and that the money was available in the event that she were required to pay Washington Mutual. (Tr. of Mot. Hr'g at 17-18.)  She also testified that she did not need the protection of the court from creditors including the Internal Revenue Service or Washington Mutual. (Tr. of Mot. Hr'g at 43-44.)

The Bankruptcy Court has the discretion under 11 U.S.C. § 1307 to dismiss a bankruptcy petition upon any late or unpaid payments. *See In re Smith*, 85 B.R. 729, 730 (E.D. Va. 1988). Prior to the August 2002 foreclosure, Appellant did not make her required mortgage payments. After the reinstatement, Appellant did not make her required mortgage payments in escrow. Although she testified that the money was in a shoe box, she was not in compliance with the Court's direction that the money be placed in escrow.  Despite making the required payments to the Trustee, Appellant defaulted on her other pre-confirmation plan obligations.  These defaults provided sufficient grounds for the Bankruptcy Court to dismiss her petition.

In addition, the Bankruptcy Court founded its dismissal on the rationale that Appellant originally filed for bankruptcy protection to save her home, and since it was already lost, the Court could offer no further protection, and thus there was no purpose for maintaining the bankruptcy case.  Appellant argues that she also wanted to maintain the bankruptcy case to allow her to accurately assess her remaining debt and pay that debt on a periodic basis. Appellant is correct that one of the important functions of bankruptcy is to clarify and extinguish debt. Nevertheless, she has not shown that the Bankruptcy Court abused its discretion in dismissing her case.  She had not complied with the Court's order regarding mortgage payments, and the Bankruptcy Court determined that it was in her best interest to dismiss the case so that she could

expunge her debt as she saw fit.[4] She herself testified that "if I were not tied it this legal battle, I could have paid, I believe, my bills." (Tr. of Mot. Hr'g at 44.) The Bankruptcy Court's dismissal was within its discretion and Broadnax's appeal has no merit.

## IV. CONCLUSION

Having reviewed the Bankruptcy Court's exercise of its discretion to dismiss the Chapter 13 petition, the Court finds no abuse of discretion in the dismissal of Appellant's petition. Accordingly, the Bankruptcy Court's decision is **AFFIRMED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to Appellant and Appellee.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 5, 2005

---

[4] At the hearing on the Trustee's Motion to Dismiss, the Trustee argued that it was in Appellant's best interest to dismiss the case because the money she had paid to him under the plan would be returned to her rather than distributed to the secured creditor. Appellant herself acknowledged that her IRS debt was a priority for her, and upon dismissal of the case the Trustee argued that she would not necessarily be bound to pay off the secured creditors first, as she would under Chapter 13. (Tr. of Mot. Hr'g at 44, 50-52.)